IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-00092-WDM-BNB

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.

CYNTHIA FLEISCHER,

    Defendant.

_____

**ORDER**
_____

    This matter is before me on the plaintiff's Renewed Motion for Default Judgment. Following a third hearing at which Robbie Wilson testified on behalf of Plaintiff and after consideration of the file, including the submitted affidavits, I find and conclude as follows:

    1.  Defendant remains in default and is deemed to have admitted the well-pled factual allegations contained in the complaint.

    2.  Defendant has made a claim against Plaintiff for injuries she allegedly suffered in 1997 when the vehicle she was a passenger in – which was insured by Plaintiff – collided with an uninsured motorist.  Defendant had also suffered an alleged injury in a prior automobile accident occurring in January 1997, in which she was covered by State Farm Insurance Company.

    3.  Throughout the claims process, Defendant refused to provide Plaintiff with the necessary authorizations to allow Plaintiff to obtain medical and employment records to

properly evaluate Defendant's claims, including the question of what injury, if any, was attributable to the accident covered by the Plaintiff as opposed to State Farm Insurance Company.

    4. Two of the medical providers who addressed defendant's injuries have destroyed their records from 1997 in accordance with an established seven-year policy. As a consequence, even if Defendant were to belatedly provide the necessary authorization, it is impossible to obtain critical medical information to determine the plaintiff's responsibility, if any.

    4. The delay in providing plaintiff with the necessary authorizations was unreasonable in face of the demonstrated actual knowledge of the defendant of the circumstances requiring such authorization. Such delay was unjustified, unconscionable, and caused clear prejudice to the plaintiff, not only resulting from the absence of witnesses and dim memories, but by denying critical medical information concerning two injury causing events which were closely related in time. Under these circumstances, equity requires that the Defendant be denied any relief against the Plaintiff for the alleged injuries suffered by her in 1997. *See Robbins v. People,* 107 P.3d 384, 388 (Colo. 2005).

    Accordingly, it is ordered:

    1. Defendant's renewed motion (Docket No. 23) is granted;

    2. Judgment shall enter declaring that any claim by defendant Cynthia Fleischer

against plaintiff Allstate Insurance Company on the basis of the insurance policy issued to Lee Ann S. Shlegle, policy no. 0 87 166611 07/13 is barred by the doctrine of laches; and.

    3.  Plaintiff may have its costs.

    DATED at Denver, Colorado, on September 26, 2006.

                            BY THE COURT:

                            s/ Walker D. Miller
                            United States District Judge